UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD SABRSULA, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | CIVIL ACTION NO. 4:24-cv-1520 |
| | | JURY TRIAL DEMANDED |
| EOG RESOURCES, INC., | | |
| Defendant. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION AND JURY DEMAND**

1.  Defendant EOG Resources, Inc. ("Defendant") required Plaintiff Chad Sabrsula ("Plaintiff") to work more that forty hours in a work week as an E-Frac Consultant. Plaintiff is a former employee of Defendant who performed work related to oil and gas wells serviced by Defendant. Defendant misclassified Plaintiff as an independent contractor and as such paid him a flat daily rate for his substantial regular and overtime hours. Defendant also misclassified other E-Frac Consultants and similar employees as independent contractors across the country and likewise denied them their proper overtime compensation.

2.  Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this lawsuit as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "FLSA Class Members."

1

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this lawsuit is brought under the FLSA.

4. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District. Specifically, Defendant is headquartered in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Chad Sabrsula is an individual residing in Fort Bend County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The "FLSA Class Members" are all current and former workers who performed work for Defendant as E-Frac Consultants or in substantially similar positions throughout the United States during the three-year period before the filing of this Complaint that Defendant classified as independent contractors.

7. Defendant EOG Resources, Inc. is a corporation organized under the laws of Delaware. Defendant may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

2

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13. Defendant provides oil and gas exploration services across the country.

14. Plaintiff and the FLSA Class Members were/are employed by Defendant as E-Frac Consultants. As such, their primary duties consist of monitoring oil and gas wells located throughout the United States. This involved monitoring the well and equipment during a fracturing operation.

15. E-Frac Consultants are responsible for rigging equipment up and down and then monitoring the progress of the job.

16. Plaintiff and the FLSA Class Members worked on a regular basis for Defendant at various oil and gas well locations, monitoring such oil and gas wells.

17. Plaintiff Chad Sabrsula worked for Defendant on from approximately December of 2019 to April of 2024.

18. During this period of employment, Defendant was the only company for which Plaintiff worked.

19. Plaintiff worked for Defendant at multiple well sites throughout West Texas and elsewhere.

20. While working for Defendant at these various locations, Plaintiff interacted with and became familiar with the way Defendant treats its other employees with respect to overtime

pay and that it misclassifies such workers as independent contractors. Therefore, Plaintiff has first-hand personal knowledge of the same pay violations throughout Defendant's operations at multiple geographical locations.

21. Defendant paid Plaintiff and FLSA Class Members on a flat daily basis without overtime regardless of the number of hours worked per week, despite scheduling and requiring work well in excess of forty hours per week.

22. Commonly, Plaintiff and other E-Frac Consultants worked twelve-hour shifts, seven days a week for a total of 84 hours.

23. In addition to their scheduled shifts, Plaintiff and other E-Frac Consultants were required to remain at the well site during their nominal off time to respond emergencies, trouble shoot equipment, submit reports, answer questions from representatives of other companies on the well site, and to perform other work-related tasks.  These interruptions were so numerous that Plaintiff rarely had an uninterrupted off shift.

24. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the FLSA Class Members.

25. In addition, Defendant instructed Plaintiff and the FLSA Class Members about when, where, and how they were to perform their work.

26. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and the FLSA Class Members:

    a. Defendant required Plaintiff and the FLSA Class Members to turn in the hours they worked once a week just like normal hourly-paid employees;

b. Defendant paid Plaintiff and the FLSA Class Members on a non-negotiable rate it unilaterally set;

c. Defendant required Plaintiff and the FLSA Class Members to report to their assigned well at a set time;

d. Plaintiff and the FLSA Class Members had no control over what well they may be assigned to;

e. Defendant required Plaintiff and the FLSA Class Members to request time off in advance and have that time off preapproved;

f. Defendant issued work orders to Plaintiff and the FLSA Class Members;

g. Defendant provided safety training to Plaintiff and the FLSA Class Members instructing them precisely how to perform their work;

h. Defendant assigned Plaintiff and the FLSA Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company;

i. Defendant controlled the amount of hours Plaintiff and the FLSA Class Members worked;

j. Defendant dictated the locations at which Plaintiff and the FLSA Class Members worked;

k. Defendant required Plaintiff and the FLSA Class Members to work more than forty (40) hours per workweek, and typically FLSA Class Members worked more than seventy (70) hours per workweek;

l. Plaintiff and the FLSA Class Members' services were integrated into Defendant's operations;

5

    m. Plaintiff and the FLSA Class Members were required to perform their work in an order set by Defendant;

    n. Plaintiff and the FLSA Class Members worked for Defendant for long and indefinite periods of time, often years, as is common with employees;

    o. Defendant had rules that Plaintiff and the FLSA Class Members were required to follow when performing their jobs;

    p. Defendant required Plaintiff and the FLSA Class Members to attend company meetings; and

    q. Defendant maintained the right to discharge Plaintiff and the FLSA Class Members at will.

27. Furthermore, the degree of investment Plaintiff and the FLSA Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Plaintiff and the FLSA Class Members were at most required to supply simple hand tools (or none at all). On the other hand, Defendant provided equipment worth thousands of dollars including the computer workstation Plaintiff monitored throughout his shift.

28. A substantial portion of Defendant' annual revenue is derived from work performed by Plaintiff and the FLSA Class Members and other laborers in the oil and gas industry.

29. Despite these facts, Defendant improperly classified Plaintiff and the FLSA Class Members as independent contractors and not employees.

30. Defendant classified its employees as independent contractors to avoid its obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendant's operational costs to its work force.

31. However, at all times, the E-Frac Consultants and other similarly situated workers were employees of Defendant.

32. Although Plaintiff has been required to work more than forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

33. Instead, Plaintiff was paid a flat rate for all hours worked, regardless of how many hours he actually worked.

34. No FLSA exemption applies to employees such as Plaintiff and FLSA Class Members.

35. Plaintiff did not hire or fire other employees.

36. Plaintiff did not supervise two or more employees.

37. Defendant did not pay the Plaintiff a salary.

38. Defendant paid Plaintiff a day rate.

39. Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

40. That is, Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs. Accordingly, Defendant's violations of the FLSA were willful.

## **VIOLATION OF 29 U.S.C. § 207**
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (COLLECTIVE ACTION)

41. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

42. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

43. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

45. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work throughout multiple locations for Defendant.

46. Other workers similarly situated to the Plaintiff work for Defendant throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

47. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

48. Defendant has classified and continues to classify FLSA Class Members as independent contractors.

49. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

50. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

51. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

52. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of FLSA Class Members.

53. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

54. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

55. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

56. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

57. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former workers classified as independent contractors (or other than employees) who performed work for Defendant as E-Frac Consultants or in substantially similar positions throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

## DAMAGES SOUGHT

58. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

59. Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

60. Plaintiff and the FLSA Class Members are entitled to recover attorney's fees and costs. 29 U.S.C. § 216(b).

## JURY DEMAND

61. Plaintiff hereby demands trial by jury on all issues.

## PRAYER

62. For these reasons, Plaintiff, on behalf of himself and the FLSA Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
4151 Southwest Freeway, Suite 515
Houston, Texas 77027
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

11